UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-20193-WILLIAMS/TURNOFF

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **PLAINTIFF'S MOTION FOR** |
| ANNETTE GRUDIN, ) | **SUMMARY JUDGMENT AND** |
| ) | **MEMORANDUM OF LAW** |
| Defendant. ) | |

Plaintiff, the United States of America, (the "United States"), by and through its undersigned counsel, Steven M. Davis, Private Counsel to the United States for the SOUTHERN DISTRICT OF FLORIDA, hereby moves this Court, pursuant to Rule 56(a), Federal Rules of Civil Procedure, for entry of summary judgment in favor of the United States and against the Defendant in the full amount set forth in the Complaint. In support of this Motion Plaintiff submits this Memorandum of Law, the Declaration of Peter La Roche, Loan Analyst for the United States Department of Education and a Statement of Material Facts pursuant to Local Rule 7.5.

## I. INTRODUCTION

This is an action by the United States, on behalf of the U.S. Department of Education, against Defendant, to recover on a defaulted student loan made by the department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965. The United States seeks money damages in the amount owed on these federally guaranteed student loans.

## II. STATEMENT OF UNDISPUTED FACT

A complete statement of facts is set forth in the declaration of Peter La Roche ("Dec.") the

Loan Analyst for the Department of Education which is filed herewith.

Defendant, Annette Grudin, obtained a Direct Consolidation loan from the U.S. Department of Education under the William D. Ford Federal Direct Loan Program in the amount of $6,757.45 for the cost of her education, Composite Exhibit "A". Pursuant to the promissory note executed by Defendant, Defendant defaulted on her payment obligations on December 24, 2001.

A total of $507.22 in credits and/or payments including Treasury Department Offsets, were applied to the accounts since the loans were assigned to the Department of Education.

As of April 3, 2013, the Defendant owes a total of $12,746.62 ($6,757.45 in principal and $5,989.17 in interest at the rate of 8.000% for Account No. 2011A02186). In accordance with the supporting documentation attached as Exhibit "A" to Plaintiff's Motion for Summary Judgment, per annum, together with the sum of $25.00 in taxed costs and a 10% Debt Collection Surcharge pursuant to 28 U.S.C. §3011 of $1,274.66, for a grand total owed of **$14,046.28.**

### III. ARGUMENT

A. **The United States of America Is Entitled to Judgment as a Matter of Law.**

Summary judgment is proper if the record before the Court shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing by reference to materials on file that there are no genuine issues of material fact to be decided at trial. When that burden is met, the burden shifts to the non-movant to demonstrate that there is a material issue of fact which would preclude a summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). The facts in dispute must be **critical** to the outcome of the case and the dispute must be **"genuine,"** such that the evidence could support a verdict in favor of the non-moving party. Id. at 248 (emphasis added).

In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has established a prima facie case. The burden then shifts to the borrower to show that the amount alleged to be due is not owing. United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975).[1] In the absence of such proof, summary judgment in favor of the claimant is appropriate. Id.

Due to the relative simplicity of the issues involved, actions to enforce promissory notes are among the most suitable classes of cases for disposition by summary judgment. Colony Creek, Ltd. v. Resolution Trust Corp., et al., 941 F.2d 1323, 1325 (5th Cir. 1991) citing Lloyd v. Lawrence, 472 F.2d 313, 316 (5th Cir. 1973); FDIC v. Cardinal Oil Well Servicing Co.,837 F.2d 1369, 1371 (5th Cir. 1988).

The material facts in this case are not in dispute. Annette Grudin executed the Promissory Note which is the subject of this action. The amount due on the note has not been paid. Defendant has not raised any affirmative defenses and plaintiff is entitled to summary judgment.

**B.      Defendant Has Failed to Raise a Valid Defense**

Defendant applied for a student loan for the cost of her education. Defendant obtained the money and failed to repay it. The declaration of Peter La Roche, Loan Analyst with the U.S. Department of Education filed herewith demonstrates that Annette Grudin defaulted on her payment

---

[1] Cases decided by the Fifth Circuit prior to October 1, 1981 are binding in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

obligation on September 23, 2004. Defendant obtained student loans in the amount of $42,033.23. Defendant "may not rest upon the mere allegation or denial of his pleading but . . . must set forth specific facts showing that there is an issue for trial" <u>Anderson</u>, 477 U.S. at 248. Here Defendant must produce evidence of payment. Plaintiff has demonstrated that Defendant received the loans and failed to repay it. The amount demanded is still due and owing. Plaintiff has the right to recover the amount due.

## IV. <u>CONCLUSION</u>

Plaintiff has demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Defendant has not raised any valid affirmative defenses. Therefore, this Court should grant summary judgment in favor of the United States and enter Judgment against the Defendant, Annette Grudin, in the amount of $12,746.62 ($6,757.45 in principal and $5,989.17 in interest at the rate of 8.000% in interest per annum for account No. 2011A02186), from April 3, 2013 to the date of judgment, and interest thereafter at the legal rate, as prescribed by 28 U.S.C. § 1961, together with costs and expenses incurred by the plaintiff in bringing this suit.

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Attorneys for Plaintiff United States*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Fax: (305) 442-2232
Email: sdavis@becker-poliakoff.com

By: _____
STEVEN M. DAVIS
Florida Bar No. 894249

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #1 OF 1

Annette Grudin
aka: Annette Sebastia

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08/11/10.

On or about 02/20/01, the borrower executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $6,783.62 on 03/26/01, at 8.00 percent interest per annum. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 12/24/01. Pursuant to 34 C.F.R. § 685.202(b), a total of $0.00 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $507.22 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

Principal:                  $ 6,757.45
Interest:                   $ 4,570.28

Total debt as of 08/11/10:  $11,327.73

Interest accrues on the principal shown here at the rate of $1.48 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/24/10

Loan Analyst
Litigation Support

Peter La Roche
Loan Analyst


EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-20193-WILLIAMS/TURNOFF

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANNETTE GRUDIN, )<br>)<br>Defendant. ) | **PLAINTIFF UNITED STATES<br>STATEMENT OF MATERIAL FACTS<br>PURSUANT TO LOCAL RULE 7.5** |

Plaintiff, United States of America, by and the undersigned Private Counsel for the SOUTHERN DISTRICT OF FLORIDA, submits, pursuant to Rule 7.5 of the Local Rules of the SOUTHERN DISTRICT OF FLORIDA, this statement of material facts as to which plaintiff contends there is no issue to be tried.

1. Defendant, Annette Grudin obtained a student loan in the amount of $6,757.45 from the U.S. Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965 for the cost of his education.

2. The Note bore interest at 8.000% per annum beginning December 24, 2001 when defendant defaulted on her payment obligations.

3. Defendant's loans were made under loan guarantee programs authorized under Title IV Part D, of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a et seq. (34 C.F.R. Part 685).

4. A total of $507.22 in credits and/or payments including Treasury Department Offsets, were applied to the defendant's account since the loans were assigned to the

Department of Education.

5. The government claims a balance on the Note of $14,046.28, including $6,757.45 in principal and $5,989.17 in interest at the rate of 8.000% per annum, together with the sum of $25.00 in taxed costs and a 10% Debt Collection Surcharge pursuant to 28 U.S.C. §3011 of $1,274.66.

Respectfully submitted,

By: _____
Steven M. Davis, (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Regular US Mail on 3 day of April, 2013 to Annette Grudin at 2727 Eleanor Way, Wellington, Florida 33414.

_____
Steven M. Davis, Esq.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:13-CV-20193-WILLIAMS/TURNOFF

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
v. )
)
ANNETTE GRUDIN, )
) **FINAL SUMMARY JUDGMENT**
        Defendant. )
_____ )

        This matter having come before the Court upon Plaintiff, United States of America's Motion for Entry of Final Summary Judgment against defendant, Annette Grudin, and the Court having reviewed the pleadings submitted on behalf of the Plaintiff, and having further noted the entry of default as to the defendant for failure to answer or otherwise plead to the Summons and Complaint served by the Plaintiff, and for good cause shown, it is hereby

        ORDERED AND ADJUDGED that judgment is hereby entered in favor of Plaintiff, the United States of America, and against defendant, Annette Grudin, upon the Complaint herein, and it is further

        ORDERED AND ADJUDGED that Plaintiff recover of the defendant, Annette Grudin, the sum of $12,746.62, consisting of $6,757.45 in unpaid principal, plus $5,989.17 in accrued interest at the rate of 8.000% through April 3, 2013 for (Claim No. 2011A02186). In accordance with the supporting documentation attached as Exhibit "A" to Plaintiff's Motion for Summary Judgment, per annum to the date of this judgment, together with the sum of $25.00 in taxed costs and a 10% Debt Collection Surcharge pursuant to 28 U.S.C. §3011 of $1,274.66, for a grand total of $14,046.28 for

all of which sums let execution issue. It is further

ORDERED AND ADJUDGED that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. §1961, and shall be enforceable as prescribed by 28 U.S.C. §2001, et seq., 28 U.S.C. §3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff's address is: United States Attorney's Office, Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132. Defendant's address is: Annette Grudin, 2727 Eleanor Way, Wellington, Florida 33414.

DONE AND ORDERED in Chambers, in Miami-Dade, FL, this ___ day of _____, 2013.

**KATHLEEN M. WILLIAMS**
**UNITED STATES DISTRICT JUDGE**

cc: Steven M. Davis, Esq.(Two Certified Copies)
    Annette Grudin, Pro Se